UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-186 (SRN/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SCOTT CHRISTOPHER DOBBELAERE, et al.,

        Defendants.

**MOTION OF THE UNITED STATES FOR A PROTECTIVE ORDER**

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States moves for a protective order in this case as to certain discovery to be produced by the government. Specifically, the United States requests that defense counsel be ordered not to disclose discovery covered by this order, or the content thereof, to any third parties except those who are directly involved in the defense of the case such as paralegals, investigators, and retained experts, and that any such third-party recipients be directed not to further disclose the discovery.

The grounds for this motion are as follows:

1. This case stems from an extensive and ongoing investigation of controlled substance offenses as well as suspected, bulk cash smuggling and money laundering events. The defendants are alleged to have been part of a conspiracy in support of a substantial methamphetamine distribution concern, as alleged by way of an Indictment charged by the Grand Jury on or about August 16, 2022. As discussed during several detention hearings held before Magistrate Judge Becky R. Thorson on August 23, 2022, the defendants are suspected to have participated in various and multiple events involving drug distribution,

possession with intent to distribute controlled substances, and participating in a large-scale conspiracy to engage in distributing controlled substances.

2. Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Interpreting Rule 16(d)(1), the Supreme Court has held, "disclosure should . . . involve a minimum hazard to others . . . . The trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of materials which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185 (1969).

3. The discovery materials being generated in this case consist of a large volume of recorded prison calls, recorded jail calls, police reports, bank records, materials recovered from Facebook, Inc. and other social media, materials recovered from multiple electronic storage devices, and other documents. Many of these items contain personal identifiers, including names, dates of birth, social security numbers, credit card numbers and other confidential information such as phone numbers and addresses, often of persons who are not named defendants in this case.

4. Moreover, the nature of certain information, and whether another individual would consider it personal, or tied to personally identifying information, is at times difficult to ascertain. For example, the content of text or Facebook discussions or postings between other persons, as well as the co-defendants, can include such possible information. The same is the case regarding various recorded jail and prison conversations. Further, some of the materials obtained by the government include live active content, such as JPEG format or

.xls (Microsoft Excel), from banks and financial institutions. Producing such materials in a form other than the original will be cumbersome to both the government and defendants.

5. Meanwhile, many investigative incidents are referenced in search warrants that will be part of the government's initial discovery. The underlying police reports for those additional incidents may also become discoverable as the case progresses. Similar types of private information described in paragraph 3 is contained in these search warrants and police reports. The reports and search warrants also contain information, that if publically disclosed, could cause other conspiracy associates to target certain persons and/or destroy other potential sources of evidence. As addressed during more than one of the August 23, 2022, contested detention proceedings, the specter of potential witness and co-defendant intimidation is real in this case.

6. A proposed order accompanies this motion. The proposed order requires the government to label any discovery subject to this order as "Protected Material," and forbids defense counsel from disseminating Protected Material, or the contents thereof, to anyone not involved in the defense of the case. On or about August 25, 2022, the government provided a copy of this proposed order to each defense counsel of record. To date, no counsel has voice his or her own objection to such a protection.

7. A protective order has long been typical in large-scale and extensive controlled substance investigations involving multiple defendants and substantial anticipated disclosures, such as is the case here. *See, e.g., United States v. Espinosa-Cardenas, et al*, Crim. No. 14-289 (SRN/JSM), Doc. 109.

For these reasons the government respectfully requests the Court grant its motion for a protective order in this matter.

Dated: August 30, 2022               Respectfully submitted,

                                     ANDREW M. LUGER
                                     United States Attorney

                                     *s/ Allen Slaughter*
                                     BY: ALLEN A. SLAUGHTER JR.
                                     Assistant U.S. Attorney
                                     Attorney ID No. 301668