UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-186(5) (SRN/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,                                **PLEA AGREEMENT AND**
                                                  **SENTENCING STIPULATIONS**

v.

JERRY LEE MILLIKEN,

        Defendant.

The United States of America and defendant Jerry Lee Milliken (hereinafter "the defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The defendant fully understands the nature and elements of the crime with which he has been charged.

2.    **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish the defendant's guilt beyond a

1



reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

    a.    From at least as early as September 2021 and continuing through on or about July 2022, the defendant was a part of an agreement or understanding to distribute methamphetamine. This agreement included the defendant's named co-defendants and others. The defendant delivered methamphetamine or arranged for the delivery of methamphetamine to sub-distributor co-conspirators as part of that understanding. The defendant also collected funds, received funds on behalf of other co-conspirators, organized deliveries, and facilitated conspiracy communications, all in support of the agreement. The defendant voluntarily and intentionally joined in the agreement, and knew the purpose of the agreement was to distribute controlled substances.

    b.    Defendant acknowledges that in the fall of 2021 law enforcement began an extensive investigation into the conspiracy distribution operations and network. In addition to ongoing surveillance and intelligence gathering, law enforcement seized methamphetamine from the conspiracy as part of operations in support of the investigation. This includes, but is not limited to:

        i.    an October 2021 seizure of approximately 20 kilograms of methamphetamine sent from a source of supply in Kansas City, Missouri, meant to be distributed in Minnesota;

ii. a November 2021 seizure of approximately 1.22 kilograms of methamphetamine from co-defendant Marshall GALBREATH during a search warrant at his Rochester, Minnesota, area residence;

iii. a December 2021 seizure of approximately 450 grams of methamphetamine from defendant during a controlled purchase which occurred in Rochester, Minnesota;

iv. a January 2022 seizure of approximately 448 grams of methamphetamine from defendant during a controlled purchase which occurred in Rochester, Minnesota;

v. a January 2022 seizure of approximately 8 kilograms of methamphetamine from co-defendants Edward KEARNS and Lisa MUSOLF, as those co-defendants were delivering that methamphetamine from a source of supply in Kansas City, Missouri, to Minnesota;

vi. an early February 2022 seizure of approximately 1.37 kilograms of methamphetamine from co-defendant Aaron DOMBOVY during a search warrant at his Rochester, Minnesota, area residence;

vii. a February 2022 seizure of approximately 4.973 kilograms of methamphetamine from co-defendant Lisa PHILLIPS, as that co-defendant was delivering that methamphetamine from a source of supply in Kansas City, Missouri, to Minnesota; and

      viii.   a May 2022 seizure of approximately 278 grams of methamphetamine from co-defendant James NELSON;

c.    The defendant agrees he committed these acts voluntarily, knew he was possessing, dealing, and facilitating the distribution of methamphetamine, and knew this conduct was unlawful.

3.    **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.    **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public

and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The defendant understands that Count 1 of the Indictment (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846) is a felony offense that carries the following statutory penalties:

    a. a mandatory minimum of 10 years in prison;

    b. a maximum of life in prison;

    c. a supervised release term of at least 5 years up to a maximum supervised release term of life;

       a maximum fine of $10,000,000;

    d. assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

    e. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

    f. the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in

5

this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

    a.     <u>Base Offense Level</u>. The Parties agree that pursuant to U.S.S.G. § 2D1.1, the base offense level for the violation noted in Count 1 of the Indictment is calculated using the offense level corresponding to the substances noted in paragraph 2, above. Therefore, the Parties agree that the base offense level for the violation and the relevant conduct noted in paragraph 2, above, is at least <u>36</u> (at least 15 but less than 45 kilograms of mixture methamphetamine) up to <u>38</u> (5 kilograms or more of actual (pure) methamphetamine). U.S.S.G. §§ 2D1.1(c)(3) & 2D1.1(c)(1), respectively.

    b.     <u>Specific Offense Characteristics (Dangerous Weapon)</u>. The defendant understands that the government believes a **by two-level increase** applies because a dangerous weapon was possessed, namely one or more firearms. U.S.S.G. § 2D1.1(b)(1). The defendant does not agree and reserves the right to challenge such an adjustment, if applied.

    c.     <u>Specific Offense Characteristics (Premises)</u>. The defendant understands that the government believes a **two-level increase** applies because he with others maintained a premises for the purposes of distributing a controlled substance. U.S.S.G. § 2D1.1(b)(12). The defendant does not agree and reserves the right to challenge such an adjustment, if applied.

    d.     The parties agree that **no other** specific offense characteristics apply.

    e.     <u>Chapter 3 Adjustments</u>. The parties agree that other than as provided for in the paragraphs below **no other Chapter 3 adjustments apply**.

    f.     <u>Aggravating Role</u>. The defendant understands that the government believes that up to a **four-level increase** may apply

because the government believes he may be determined to have managed or supervised the criminal activity. U.S.S.G. § 2D1.1(b)(12). The defendant does not agree and reserves the right to challenge such an adjustment, if applied.

g. Acceptance of Responsibility. The government agrees to recommend that the defendant receive **a 2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an **additional 1-level reduction** pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

h. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into **Criminal History Category VI**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

i. Guidelines Range. The Parties anticipate the following potential low and high Guidelines ranges, based on the relevant conduct noted in paragraph 2 and any other potential adjustments described above:

    i)    **292-365 months**: Criminal History Category VI & Adjusted Offense Level <u>35</u>, with a base offense level 36 (mixture methamphetamine), two-level increase for dangerous weapon, and three-level reduction for acceptance of responsibility;

    ii)   **Life Imprisonment:** Criminal History Category VI & Adjusted Offense Level <u>43</u>, with a base offense level 38 (pure methamphetamine), two-level increase for a dangerous weapon, two-level increase for premises, four-level aggravating role increase, and three-level reduction for acceptance of responsibility;

j. <u>Notwithstanding the potential applicable Guidelines ranges above, Defendant acknowledges that he is subject to a statutory minimum penalty of a ten-year mandatory sentence as to Count 1.</u>

k. <u>Fine Range</u>. If the adjusted offense level is 35, the Sentencing Guidelines fine range is $40,000 to $10,000,000. If the adjusted offense level is 43, the Sentencing Guidelines fine range is $50,000 to $10,000,000. U.S.S.G. § 5E1.2(c). U.S.S.G. § 5E1.2(c).

l. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least 5 years up to a maximum supervised release term of life. U.S.S.G. § 5D1.2.

8. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. As part of this Agreement the government will not seek a sentence greater than **240 months** imprisonment. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that offense, including but not limited to the following:

> a. a 2007 Maroon Nissan Altima, Minnesota license plate number GRC746, Vehicle Identification Number 1N4BL21EX7C116567, seized on or about September 27, 2021;
>
> b. a 2012 White Chevrolet Tahoe, Minnesota License Plate DEV855, Vehicle Identification Number 1GNSK2E04CR305094;
>
> c. a 2010 Black Harley-Davidson, Model FLHX, Minnesota License Plate 87804MG, Vehicle Identification Number 1HD1KB417AB642989; and
>
> d. a 2020 Black Mazda CX-9, Minnesota License Plate EHN186, Vehicle Identification Number JM3TCBDY0L0406226;

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant withdraws any claim or petition he has filed with respect to the above-described property and waives all statutory and constitutional defenses to its forfeiture.

The defendant also agrees that the United States may forfeit any and all other property subject to forfeiture as a result of the defendant's plea by any means provided by law.

13. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above **292** months' imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below **240** months' imprisonment.

14. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

11

15. **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: *November 17, 2022*

ANDREW M. LUGER
United States Attorney

BY: *[signature]*
ALLEN A. SLAUGHTER JR.
Assistant United States Attorney

Date: 11-17-22

*[signature]*
JERRY LEE MILLIKEN
Defendant

Date: 11/17/22

*[signature]*
KEVIN O'BRIEN, Esq.
Counsel for Defendant

12