UNITED STATES DISTRICT COURT
DISTRICT COURT OF MINNESOTA
Cr. 22-186 (SRN)

---------------------------------------------

**UNITED STATES OF AMERICA,**
        Plaintiff,        **DEFENDANT'S POSITION PAPER
                                          AS TO SENTENCING FACTORS**

vs.

**JERRY LEE MILLIKEN,**
        Defendant.

---------------------------------------------

      The undersigned counsel for the Defendant Jerry Milliken submits this Position Paper ahead of the defendant's April 20, 2023 sentencing hearing. It is hoped that the information provided herein will assist the Court in fashioning a significant, yet just, sentence for Mr. Milliken. Along with this submission, the undersigned commends to the Court, the report of Amy B. Butler, a comprehensive and balanced assessment of Mr. Milliken's life. Together with the Presentence Report (PSR), the sentencing letters of Mr. Milliken's siblings and sponsor, family photographs, and records from Sherburne County Jail, Ms. Butler's report serves to inform the Court as to Mr. Milliken's life. [1]

      The PSR's calculation of the defendant's sentence is based on the 38.47 kilograms of methamphetamine for which he is accountable, yielding a base offense level of 36. In addition, the PSR attributes four leadership points to Mr. Milliken, before reducing his offense level by three level for

---

[1] All filed separately

1

having accepted responsibility. An adjusted base offense levels of 37 results.

With 14 criminal history points, the PSR places the defendant in criminal history category VI, with a resulting advisory guideline sentence of 360 months to life. Mr. Milliken, having previously objected to the four level leadership enhancement, now withdraws that objection and concedes that the PSR has properly calculated his sentence under the advisory sentencing guidelines, including as to leadership.

Mr. Milliken welcomes the suggestion in the PSR at #128 that his criminal history category of VI may over-represent the serious of his criminal history or the likelihood that he will commit other crimes. As mentioned in the PSR at #128, nine of his criminal history points are attributable to three criminal cases resolved with the same period of incarceration. The defendant therefore moves, under USSG 4A1.3 for a downward departure in his criminal history category to category V. Even so, the defendant believes that the resulting advisory guideline sentence of 324-405 months is greater than necessary to achieve the goals of sentencing, and requests a downward variance from that range. This opinion is shared by the PSR at #129 and by the government which has agreed not to seek a sentence of greater than 240 months.

Jerry Milliken's previous longest periods of incarceration followed his April 30, 2018 sentence of 105 months with a concurrent sentence of 60 months from Olmsted County. With his successful participation in the Challenge Incarceration Program, he was then granted early release in May of 2021. Three years is thus the longest continuous period of

incarceration experienced by the defendant. The defendant suggests that a guideline sentence, even one with a criminal history downward departure, represents a hugely significant graduated sanction for his criminal behavior.

In addition to the Sentencing Guidelines and the Sentencing Commission policy statements, a sentencing court looks to; (1) the offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely, (a) just punishment, (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) sentences legally available; (4) the need to avoid unwarranted disparities; and (5) the need for restitution.

The defendant respectfully suggests that an application of these factors to his case would result in a reasonable sentence of 180 months of incarceration, a sufficient sentence, but one not greater than necessary to accomplish these sentencing goals.

(1) OFFENSE AND OFFENDER CHARARCTERISTICS

When released from prison in 2021, Jerry Milliken was contacted by a major methamphetamine distributer from Kansas City who offered to sell him large quantities of methamphetamine. With the ''plug'', Jerry Milliken began to purchase and arrange multi-pound shipments of methamphetamine into the Rochester area. Other veteran drug dealers also became involved in the transportation, storage, and sales of the drugs, as well as the payment for the drugs. Jerry Milliken, regretfully, also brought his sister into the conspiracy and ultimately into this criminal prosecution.

In her candid and credible report at pages 1-3, Amy Butler aptly chronicles Jerry Milliken's offense conduct. She cites Jerry Milliken's own view of his criminal conduct where she quotes him as saying: "If I did it, I admit it". (Butler p. 4).

While under the influence of drugs, as he was be prior to his 2018 incarceration, he has experienced episodes of violent behavior. However, he is a generally non-violent person. As his sister states in her letter to the Court: "[He} changes when he uses drugs. He becomes a different person, distant and focused only on getting high. It's like he loses his soul".

As head of this drug trafficking organization, he never resorted to violence, intimidation or threats towards any of his co-conspirators. During his periods of sobriety, he is known to his friends and family as a genuinely nice person, generous with his time and interested in helping those around him.

Jerry's brother writes: "When my brother is off the drugs, both using and selling, he is a different person. He can be a really good guy, helping other people with their projects and just spending time with his family, connecting with us".

Family members, and one particular friend, continue to support him. Bill Hall, a long time friend, sponsor and supporter, knows more than anyone the struggles that Jerry has lived with. He knows the successes and the failures. During Jerry's last stay in one of the sober houses that Mr. Hall and his wife run, they witnessed his potential for leadership. As he tells the Court "… he came into the house, didn't use and showed real potential in recovery. I believe he could have become a house president".

Despite addiction issues, Jerry Milliken has a history of working honest jobs, primarily at those which are physically demanding.

While housed at the Sherburne County Jail, Jerry as taken advantage of educational programs available to him.[2] Michael Santos, a former prisoner, having served a 26 year prison sentence, has published seven books and has video based courses available to inmates at the Sherburne County Jail. Among other programs, Jerry has taken two of the courses, almost twenty hours in duration, with the goal of transforming his life in the same way that Mr. Santos has.

In addition to participating in vocational, educational and life bettering programs, Jerry has also volunteered to assist a sight challenged inmate at the Sherburne County Jail.

## (2) THE NEED FOR A SENTENCE TO REFLECT THE BASIC AIMS OF SENTENCING

One of principles of justice is that of a graduated increase in punishment as an individual re-offends, rather than an extreme increase in punishment from one offense to the next. The sentence proposed by Mr. Milliken of 180 months represents a sentence around five times greater than his longest previous incarceration. A greater sentence would exaggerate an already significant graduation.

---

[2] Records from Sherburne County Jail filed separately

### (3) SENTENCES LEGALLY AVAILABLE

A mandatory minimum sentence or 10 years is required in this case. The maximum term of imprisonment is life imprisonment. Through their plea agreement, the parties have agreed that either side could request the sentence that they each deemed appropriate.

### (4) NEED TO AVOID UNWARRANTED DISPARITIES

This Court will sentence the co-conspirators and it is anticipated that the quantities of methamphetamine and the determination of respective roles in the conspiracy, along with their respective criminal histories, will account for disparities in sentencing.

### (5) THE NEED FOR RESTITUTION

Despite the acknowledged potential for societal harm methamphetamine use, restitution is not applicable in this case. 18 U.S.C. 3663.

### (6) THE NEED FOR REHABILITATION

As Ms. Butler points out, for Jerry to realize his potential as a human being, his mental health should be assessed, and his chemical dependency treated. She also suggests that Mr. Milliken be evaluated for potential traumatic brain injury. Butler at p. 18

Methamphetamine addiction unquestionably affects the make up of the brain. Significant, long term, efforts are required in order to overcome the neurological damage done.

Jerry's brother makes an important point in his letter to the Court: "One thing that I think doesn't get much attention is that selling drugs can be just as addictive as using them".

The abstinence that comes with prison together with rehabilitation provided in prison will hopefully deal with both addictions.

Ms. Butler, in addressing the issue of Jerry's chemical dependency notes: "Mr. Milliken presents as highly motivated to attend treatment and achieve long term sobriety. It appears Mr. Milliken has a solid support system available to him, to aid future recovery efforts. This includes his remarkable sponsor, but also his brother in recovery". Butler at p. 18

Deserving of credit for achieving a measure of self realization, Jerry has voluntarily participated in both group and individual mental health programs. As he puts it, he does it in order to: "work on my anger and depression" and to "better my life".

## SUMMARY

As the Supreme Court has stated: "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider each convicted person as an individual and each case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996)

The times that Jerry has been able to live without drugs give insight into the potential that he has. Those that know him the best, his siblings and his sponsor, attest to his integrity and good character when not under the influence of street drugs or when not engaged in their distribution.

*By seeking and blundering we learn.*[3]

Jerry Milliken has, by his own admission, done his share of blundering, most notably by using and selling mind altering substances, and not availing himself of the opportunities for support from his sponsor Bill Hall and the supportive culture that Mr. Hall has created for those similarly struggling with addiction.

Whether the root cause of Jerry's failings is drug addiction, mental health issues, or the traumatic brain injury he suffered as a young man, there is no underestimating the role that street drugs, especially methamphetamine, have had in leading the life that has brought Jerry Milliken to this Court to be sentenced to a significant term of incarceration.

What remains to be seen is whether he can achieve the realizations necessary to take on his failings with respect to drugs. As his sponsor Bill Hall says, Jerry has "stiff stuff ahead of him", and by that he is not just referring to the long prison term, but also to what will be a life-long battle with the allure of drug, both using and selling.

It is hoped that the rehabilitation provided by the Bureau of Prisons will kick start Jerry towards awareness and realizations, although deep down Jerry knows that is he who must muster that same strength that his brother and friend Bill Hall have developed.

A sentence of 180 months of incarceration is sufficient sentence which sufficient time for Jerry to develop his own ability to say "No".

---

3  Johann Wolfgang von Goethe

**Respectfully submitted,**

**March 17, 2023**                        s/ **Kevin M. O'Brien #80561**
                                    **Attorney for the Defendant**
                                    **1710 Douglas Drive N. #289**
                                    **Golden Valley, Mn, 55422**
                                    **(612) 237-9510**
                                    <u>**koblaw@aol.com**</u>